## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| ADRIAN KEITH SMITH, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-00290-SPM |
| TOM STOUT, | ) |
| Defendant, | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Adrian Keith Smith's pro se civil rights complaint, filed pursuant to 42 U.S.C. § 1983 by movant Becky Peters. For the reasons discussed below, the Court will give movant Peters sixty days in which to demonstrate that she is the real party in interest and to file an amended complaint.

### Background

Plaintiff was a pretrial detainee being held at the Reynolds County Jail, in Centerville, Missouri. (Docket No. 1 at 2). He filled out a Court-provided 42 U.S.C. § 1983 complaint form, suing Reynolds County Sheriff Tom Stout in his official capacity. Before plaintiff could file his complaint, he passed away. The complaint was posthumously filed by movant Peters.

In his complaint, plaintiff alleged that from September 25, 2018 to the present, defendant Stout denied plaintiff medical care. (Docket No. 1 at 3). Specifically, plaintiff stated that he suffered from "several psychiatric medical problems" requiring medication. However, his requests for medical care were ignored. He alleged that he requested to see a doctor "everyday" so that he could receive his medications. Furthermore, he stated that his power of attorney had asked that a mental health professional be allowed to meet with him. According to the complaint,

defendant Stout told plaintiff's power of attorney that, in Stout's opinion, plaintiff did not need medical attention.

Plaintiff alleged that he attempted to commit suicide three times while in the Reynolds County Jail. On the last occasion, he asserted that he severely cut his arm, but that jail staff refused to call 911 or give him medical attention.

At some point, plaintiff acknowledged attempting to escape. (Docket No. 1 at 4). He stated he was trying "to get to a doctor or hospital for help because the voices were getting more frequent." He also stated that he was hallucinating and seeing people that were not there.

Following his escape attempt, plaintiff was no longer allowed to see his power of attorney, because jail staff believed she tried to help him escape. He claimed that all his personal belongings were taken, that he no longer received mail, and that he was kept in a cell where the shower leaked and the walls and floor were covered in mold. Plaintiff alleged that his treatment was the result of the fact that he was African-American.

As a result of plaintiff's suicide attempt, he stated that he received a severe laceration to his left arm. He alleged that he did not receive medical treatment and had to bandage it as well as he could on his own. Despite three suicide attempts, he stated that he did not receive medical attention, even though the phone numbers of mental health professionals were provided.

Plaintiff's complaint sought an appointment with a "qualified mental health professional" who could prescribe the proper medications or order his hospitalization if necessary. (Docket No. 1 at 5).

Plaintiff's complaint was typed on a Court-provided civil rights complaint form. He signed the document on November 7, 2018. (Docket No. 1 at 10). That same day, he also signed a motion for leave to proceed in forma pauperis. (Docket No. 2 at 2). Plaintiff never personally

filed the complaint or the motion to proceed in forma pauperis. On November 19, 2018, according to a letter sent to the Court by movant Becky Peters, plaintiff committed suicide while in the custody of the Reynolds County Sheriff's Department. (Docket No. 3).

The Court received plaintiff's complaint and motion to proceed in forma pauperis on December 13, 2018. The filing was accompanied by a letter from Ms. Peters, who states that she was "in the process" of becoming plaintiff's power of attorney when plaintiff passed away.

According to Ms. Peters, plaintiff was going to file his complaint in federal court based on a denial of proper medical care for plaintiff's psychiatric issues. However, plaintiff took his own life before filing the complaint, and Ms. Peters eventually received the paperwork from the Reynolds County Jail. The letter requests that the Court contact her regarding the status of the case, and whether or not it can go forward in light of plaintiff's death.

**Discussion**

Plaintiff's complaint alleges that defendant Stout, in his official capacity as Sheriff of Reynolds County, Missouri, denied him necessary medical care for his serious psychiatric condition. Plaintiff did not, however, file this action before he passed away on November 19, 2018. Rather, plaintiff's postmortem complaint was filed on his behalf by Ms. Peters on December 13, 2018. Ms. Peters also provided a letter that has been construed by the Court as a motion to be plaintiff's representative. For the reasons discussed below, Ms. Peters will be given sixty days in which to demonstrate that she is the real party in interest, and to file an amended complaint in this matter.

Under the Federal Rules of Civil Procedure, Rule 17(a) provides that an "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced."

*Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1045 (8th Cir. 2003). *See also Cascades Dev. of Minnesota, LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012). The purpose of Rule 17(a) "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*, 618 F.3d 762, 771 (8th Cir. 2010). As such, the party bringing an action must actually possess, under the substantive law, the right sought to be enforced. *United HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996).

Rule 17 provides that the following persons may sue in their own names without joining the person for whose benefit the action is brought:

> (A) an executor;
> (B) an administrator;
> (C) a guardian:
> (D) a bailee;
> (E) a trustee of an express trust;
> (F) a party with whom or in whose name a contract has been made for another's benefit; and
> (G) a party authorized by statute.

Fed. R. Civ. P. 17(a)(1). If an individual is not acting in a representative capacity, his or her capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1). Ms. Peters' letter provides her address as being in Hillsboro, Missouri. Missouri's wrongful death statute provides in relevant part:

> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:

4

> (1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;
>
> (2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;
>
> (3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem…

Mo. Rev. Stat. § 537.080. Pursuant to this statute, only "one action may be brought under this section against any one defendant for the death of any one person." *Id*.

Ms. Peters, the movant in this action, has not demonstrated that she is the proper party to bring this lawsuit on plaintiff's behalf.[1] In her letter to the Court, she claims that she was "in the process" of becoming plaintiff's power of attorney; however, she does not provide any other detail as to her relationship to plaintiff. Ms. Peters has not alleged that she is plaintiff's executor, administrator, or guardian, which would allow her to sue in her own name pursuant to Fed. R. Civ. P. 17(a)(1). She has also not alleged that she is plaintiff's spouse, child, mother, or sibling, which would allow her to sue in a representative capacity under Missouri state law. In short, Ms. Peters has not shown that she is the proper party to file a lawsuit on plaintiff's behalf. Indeed, at this point, based solely on her letter to the Court, it is not entirely clear if that is what Ms. Peters is attempting to do.

The complaint before the Court was not filed by plaintiff. Rather, it was found among plaintiff's possessions following his death, and forwarded to the Court by Ms. Peters. Based on the information at hand, it is not clear whether Ms. Peters has the authority to file a lawsuit on plaintiff's behalf. Therefore, Ms. Peters will be given sixty days in which to demonstrate that she

---

[1] The Court notes that since plaintiff died before ever filing his lawsuit, Fed. R. Civ. P. 25, relating to substitution of parties, is inapplicable.

is the real party in interest in this case and to file an amended complaint. If she is the real party in interest and files an amended complaint, she must also file her own motion to proceed in forma pauperis, or pay the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Ms. Peters' motion to be plaintiff's representative (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Ms. Peters shall have **sixty (60) days** from the date of this order in which to demonstrate that she is the real party in interest and to file an amended complaint.

**IT IS FURTHER ORDERED** that if an amended complaint is not filed within sixty (60) days, this case will be dismissed without prejudice and without further notice.

Dated this 10th day of January, 2019.

                                            SHIRLEY PADMORE MENSAH
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of January, 2019

.