# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ADRIAN KEITH SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-00290-SPM |
| ) | |
| TOM STOUT, ) | |
| ) | |
| Defendant, ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On January 10, 2019, the Court ordered movant Becky Peters to demonstrate that she was the real party in interest in this action and to file an amended complaint within sixty (60) days. Movant has failed to respond. Accordingly, for the reasons discussed below, the Court will dismiss this action without prejudice.

### Background

Adrian Keith Smith was a pretrial detainee being held at the Reynolds County Jail, in Centerville, Missouri. (Docket No. 1 at 2). At some point during his incarceration, he filled out a Court-provided 42 U.S.C. § 1983 complaint form, suing Reynolds County Sheriff Tom Stout in his official capacity. The complaint was signed on November 7, 2018. (Docket No. 1 at 10). Before Mr. Smith could file his complaint, he passed away on November 19, 2018. (Docket No. 3).

Movant posthumously filed Mr. Smith's complaint with the Court on December 13, 2018. The complaint was accompanied by a letter from movant in which she asserted that Mr. Smith intended to file the complaint in federal court. However, he had not gotten around to doing

so before he passed away. Movant stated that she eventually received the paperwork from the Reynolds County Jail, where Mr. Smith had been incarcerated. In her letter, movant asked whether or not the case could go forward in light of Mr. Smith's death. The Court construed the letter as a motion to be plaintiff's representative.

On January 10, 2019, the Court ordered movant to demonstrate that she was the real party in interest in this action and to file an amended complaint. (Docket No. 5). She was given sixty (60) days in which to reply. The Court has not received a response.

## Discussion

The complaint in the instant case was completed by Mr. Smith, who died before he was able to file it with the Court. As such, Fed. R. Civ. P. 25, relating to the substitution of parties, is inapplicable.

Rather, the issue as to whether movant can bring a claim on Mr. Smith's behalf is governed by Rule 17(a), which provides that an "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced." *Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1045 (8th Cir. 2003). *See also Cascades Dev. of Minnesota, LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012). The purpose of Rule 17(a) "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*, 618 F.3d 762, 771 (8th Cir. 2010). As such, the party bringing an action must actually possess, under the substantive law, the right sought to be enforced. *United HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996).

Rule 17 provides that the following persons may sue in their own names without joining the person for whose benefit the action is brought:

>    (A) an executor;
>    (B) an administrator;
>    (C) a guardian:
>    (D) a bailee;
>    (E) a trustee of an express trust;
>    (F) a party with whom or in whose name a contract has been made for another's benefit; and
>    (G) a party authorized by statute.

Fed. R. Civ. P. 17(a)(1). If an individual is not acting in a representative capacity, his or her capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1). Movant's letter provides an addres in Hillsboro, Missouri. Missouri's wrongful death statute provides in relevant part:

> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:
>
> (1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;
>
> (2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;
>
> (3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem...

Mo. Rev. Stat. § 537.080. Pursuant to this statute, only "one action may be brought under this section against any one defendant for the death of any one person." *Id.*

In its order of January 10, 2019, the Court noted that movant had not demonstrated that she was the proper party to bring this lawsuit. In her letter to the Court, movant claimed she was "in the process" of becoming Mr. Smith's power of attorney, but did not provide any other details as to her relationship with him. Movant did not allege that she was Mr. Smith's executor, administrator, or guardian, which would allow her to sue in her own name pursuant to Fed. R. Civ. P. 17(a)(1). Furthermore, she did not allege that she was Mr. Smith's spouse, child, mother, or sibling, which would allow her to sue in a representative capacity under Missouri state law. In short, movant failed to show that she was the proper party to file a lawsuit on Mr. Smith's behalf. Indeed, the Court observed that it was not entirely clear if that was what movant was attempting to do.

Because the Court did not have enough information to determine if movant had the authority to file a lawsuit on Mr. Smith's behalf, she was given sixty (60) days in which to demonstrate that she was the real part in interest and to file an amended complaint. She was also directed to file her own motion to proceed in forma pauperis, or pay the filing fee. Movant was warned that the failure to file an amended complaint within the timeframe given by the Court would result in dismissal without further notice. The time period provided in the previous order has elapsed, and the Court has not received any further filings in this matter. As such, this action will be dismissed for failure to comply with the Court's order of January 10, 2019. *See* Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of March, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

5